IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | CIVIL ACTION NO. 21-4273 |
| v. | ) ) ) | COMPLAINT |
| | ) | JURY TRIAL DEMANDED |
| THE PAI CORPORATION d/b/a EXCENTIA HUMAN SERVICES and d/b/a EXCENTIA AND S. JUNE SMITH CENTER, | ) ) ) ) | |
| Defendant. | ) ) ) | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended (ADA or ADAAA), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Charging Party Stevie Baum. As alleged with greater particularity below, Defendant The Pai Corporation d/b/a Excentia Human Services and d/b/a Excentia and S. June Smith Center violated the ADA when it discriminated against Charging Party because of disability.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"),

1

42 U.S.C. § 2000e-5(f)(1), (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1), (3).

4. At all relevant times, Defendant, The Pai Corporation d/b/a Excentia Human Services and d/b/a Excentia and S. June Smith Center, has continuously been doing business in the State of Pennsylvania and the City of Lancaster, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C. § 12111(5), (7).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Stevie Baum filed a charge with the Commission alleging violations of the ADA by Defendant.

8. On February 28, 2021, the Commission issued to Defendant a Letter of

Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. On May 27, 2021, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

11. In or about February 2020, and continuing thereafter, Defendant engaged in unlawful employment practices in violation of Section 102 of Title I of the ADA, 42 U.S.C. § 12112, as amended, by discriminating against Charging Party Stevie Baum on the basis of disability, as follows below.

12. On or about February 9, 2020, Charging Party applied to work for Defendant.

13. On February 19, 2020, Defendant interviewed Charging Party.

14. The Defendant representative who conducted the interview noted no concerns about Charging Party's qualifications or ability to work for Defendant and concluded that she was a good fit for a job with Defendant.

15. During the interview, Defendant advised Charging Party that Defendant had an opening for a Preschool Teacher Assistant position and scheduled her to interview for the job.

16. On February 21, 2020, Defendant conducted an interview with Charging Party for the Preschool Teacher Assistant position. Following that interview, Defendant told Charging Party to travel to the worksite on March 2, 2020, and report to a representative there.

17. On March 2, 2020, Charging Party reported to the worksite and the Defendant

3

representative as she had been instructed.

18. Charging Party has cerebral palsy, which is a physical or mental impairment that substantially limits her ability to engage in major life activities, including walking and performing manual tasks.

19. After interacting with Charging Party on March 2, 2020, Defendant refused to provide her with employment opportunities, including but not limited to employment in the Preschool Teacher Assistant position, because of disability.

20. On March 4, 2020, Defendant sent Charging Party an email saying it would not hire her. Nowhere in the email did Defendant say that Charging Party lacks any qualification for employment with Defendant nor did the company identify any legitimate non-discriminatory reason for its decisions. The only reason Defendant asserted in the email for why it refused to hire Charging Party is that the company allegedly had "chosen to pursue another candidate . . . ."

21. On March 4, 2020, after receiving the email described in paragraph 20, Charging Party called Defendant.

22. During the telephone call on March 4, 2020, Defendant told Charging Party that Defendant would not hire her because of limitations Defendant perceived her to have because she has cerebral palsy.

23. Charging Party sent Defendant an email on March 4, 2020, in which she asked Defendant to reconsider its decision not to hire her and to look past her cerebral palsy.

24. Charging Party asked Defendant to consider her for any other employment opportunities, even if it refused to hire her for a teaching position.

25. Defendant did not respond to Charging Party's March 4th email described in paragraph 23, nor did it otherwise confer or interact with Charging Party concerning employment

opportunities.

26. At no time after March 4, 2020, did Defendant attempt to contact Charging Party.

27. Charging Party is a person with a disability under Section 3 of the ADA, 42 U.S.C. §§ 12102, as amended.

28. Charging Party is a qualified individual under Section 101(8) of the ADA, 42 U.S.C. 12111(8), as amended.

29. Defendant discriminated against Charging Party because of disability in violation of Section 102 of the ADA, 42 U.S.C. § 12112, as amended, by engaging in prohibited conduct, including but not limited to: taking adverse employment action against her because of disability or because Defendant regarded her as disabled, including refusing to hire her or firing her; failing to engage in an interactive process; and/or denying her employment opportunities for which she was qualified with or without reasonable accommodations.

30. The unlawful employment practices complained of above were intentional.

31. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Charging Party.

PRAYER FOR RELIEF

32. Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, employees, attorneys, and all persons in active concert or participation with it, from: discriminating against persons with disabilities through, *inter alia*, relying solely on perceptions of an applicant's disabilities to determine whether that applicant is qualified for a position; operating without mechanisms that require managers and human resources personnel to engage in a good-faith interactive process to identify the need, if any, for accommodations; allowing

5

managers to take adverse action against applicants or employees because of disability or perceived disability; sustaining an environment in which managers and human resources personnel create justifications for their decisions without substantial and effective review and thus allowing applicants and employees to suffer adverse employment actions for pretextual reasons; and otherwise maintaining a bias against people with disabilities based on stereotypes.

   B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities or individuals Defendant perceives to be disabled, and which eradicate the effects of its past and present unlawful employment practices.

   C. Order Defendant to make whole Charing Party Stevie Baum, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial.

   D. Order Defendant to provide compensation for past and future pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial.

   E. Order Defendant to provide compensation for past and future nonpecuniary losses resulting from the unlawful practices described above, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, indignity, loss of self-esteem, and humiliation, in amounts to be determined at trial.

   F. Order Defendant to pay punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

   G. Grant such further relief as the Court deems necessary and proper in the public interest.

   H. Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

            Respectfully submitted,

            U.S. EQUAL EMPLOYMENT
            OPPORTUNITY COMMISSION
            Washington, D.C.

            GWENDOLYN Y. REAMS
            Acting General Counsel

            s/ Debra M. Lawrence
            DEBRA M. LAWRENCE
            Regional Attorney
            Philadelphia District Office

            s/ Kate Northrup
            KATE NORTHRUP
            Supervisory Trial Attorney
            U.S. EQUAL EMPLOYMENT
            OPPORTUNITY COMMISSION
            Baltimore Field Office
            GH Fallon Federal Building
            31 Hopkins Plaza, Suite 1432
            Baltimore, MD 21201
            kate.northrup@eeoc.gov
            Phone:  410-801-6702

            s/ Jessi Isenhart
            JESSI ISENHART
            Senior Trial Attorney
            U.S. EQUAL EMPLOYMENT
            OPPORTUNITY COMMISSION
            Cleveland Field Office
            1240 E. 9th Street, Suite 3001
            Cleveland, OH 44199
            jessi.isenhart@eeoc.gov
            Phone: 216-306-1121
            PA Bar No. 206504